**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORAH S. LEECK | Civil Action No. 5:22-cv-4634 |
| Plaintiff | CIVIL ACTION |
| | **COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| LEHIGH VALLEY HEALTH NETWORK | |
| Defendant | |

   Plaintiff, Deborah S. Leeck (hereinafter "Plaintiff") residing at 2969 Wooded Ridge Circle, Fogelsville, PA 18051, by and through her attorney, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant Lehigh Valley Health Network (hereinafter "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Pennsylvania Human Relations Act, P.L. 744, No. 222 § 1, and as otherwise provided by law.

1

2. Defendant is a business entity holding itself out to the public as the operator of various hospitals and healthcare facilities located within the State of Pennsylvania, with its headquarters located at 1259 S. Cedar Crest Blvd., Suite 301, Allentown, PA 18105. Plaintiff is a Registered Nurse in the State of Pennsylvania, and a Christian. Her job title at the time of her termination was RN, Clinical Coordinator.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims arising out of the Civil Rights Act pursuant to 28 U.S.C. §1331, and has jurisdiction over Plaintiff's claims arising under Pennsylvania State Law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United State District Court, Eastern District of Pennsylvania by virtue of the location of all parties and where the events upon which Plaintiff's claims arise took place.

## I.   ALLEGATIONS OF FACT

1. Plaintiff was hired by Defendant on January 18, 2010 as a Support Partner while in nursing school. Thereafter, in September 2011, Plaintiff became a graduate nurse with Defendant in the Mother-Baby Unit for 6 months, and thereafter became a registered nurse in the neonatal ICU in April of 2012, and thereafter in August of 2018, transitioned to Defendant's Outpatient Pediatrics Department. Plaintiff worked out of various locations operated by LVHN at different times throughout her tenure. In April of 2021, Plaintiff moved to Defendant's VHP Children's Clinic as a Clinical Coordinator, which is the position she held until she was terminated. Plaintiff also became a certified lactation

consultant and provided those additional services to Defendant's patients upon physician request.

2.  Thereafter, on August 24, 2021, Defendant implemented a policy which mandated that its staff be vaccinated for COVID-19, and provide proof of receipt of a first dose of a COVID-19 vaccine series, or otherwise submit a request for an exemption by September 14, 2021.

3.  On September 10, 2021 Plaintiff submitted a request in writing on a form supplied by Defendant for a religious accommodation from the requirement that she partake in the use of the available COVID-19 vaccine products as the use of same was forbidden by her sincerely held Christian religious beliefs, a true copy of which is attached hereto as **Exhibit "A."** Following submission of this written request, no individual contacted Plaintiff to discuss same on behalf of Defendant.

4.  Thereafter, on September 15, 2021, just 5 days later, Defendant's then-Deputy General Counsel for Litigation and Risk Management, Glenn Guanowsky, Esq., advised Plaintiff in writing that her exemption request was denied. No explanation for this denial was given by Mr. Guanowsky in this letter, a true copy of which is attached hereto as **Exhibit "B."**

5.  Thereafter, Plaintiff requested to again engage in a proper "interactive process" with Defendant concerning her request for a religious accommodation and did so by submitting additional information on September 30, 2021. In same, she stated that she has a faith-based objection to various elements and methods utilized in the production of the various COVID-19 vaccines, including the fact that their development was supported by

abortion, as well as their functionality. A copy of this submission is attached hereto as **Exhibit "C."**

6.  Rather than contact Plaintiff to discuss this request, Plaintiff instead received the enclosed "Final Written Warning" from Defendant dated October 1, 2021 stating that if she was not fully vaccinated for COVID-19 by November 12, 2021, her employment would be terminated. Plaintiff acknowledged receipt of same on October 1, 2021 and again on October 4, 2021, writing that she disagreed with this disciplinary action, that she is not resigning her position, and that "this is discrimination and I will not tolerate it." *See attached* as **Exhibit "D."**

7.  Again, after no individual on behalf of Defendant contacted Plaintiff to discuss her new religious accommodation request, Plaintiff sent the enclosed email to Mr. Guanowsky to follow up on same on October 25, 2021 after she received no response to same. Mr. Guanowsky responded via the enclosed email on that date starting "Resubmissions are not considered." Both emails are attached collectively as **Exhibit "E."**

8.  Defendant additionally informed its employees that they must be vaccinated for influenza by November 1, 2022 or otherwise submit a written request for a religious or medical exemption from said requirement. Plaintiff did so on November 1, 2022, explaining that her faith also forbids her from being vaccinated for influenza, and a few days later, received a letter from Mr. Guanowsky again stating that this request was also denied by Defendant. True copies of this documentation are collectively attached as **Exhibit "F."**

9.  Due to the emotional distress and anxiety that Plaintiff suffered as a result of Defendant's continued dismissal of her requests for a religious accommodation from the requirement that she partake in the use of products that are forbidden by her faith, on November 4,

4

2021, Plaintiff applied for and thereafter obtained an approved medical leave of absence from work from Defendant pursuant to the Family and Medical Leave Act ("FMLA"), which was approved for a period of three months by Defendant based on information supplied by Plaintiff's physician, Dr. John Nuschke, per the documentation elcosed hereto as **Exhibit "G."** Plaintiff's date to return to work was January 27, 2022. Defendant's human resources staff instructed Defendant that she must be vaccinated for COVID-19 following her return to work.

10. Thereafter, Defendant retained the undersigned to assist her in preparing a statement to submit to Mr. Guanowsky in yet another effort to engage in a good faith "interactive process" with Defendant concerning her religious exemption requests, and same explained her faith-based objections to both vaccinations in great detail. This was submitted to Mr. Guanowsky via email on December 28, 2021, a true copy of which is attached as **Exhibit "H."** Same provided additional details to Defendant concerning Plaintiff's sincerely held religious beliefs with respect to both the influenza and COVID-19 vaccine requirements. After the undersigned received no response from Mr. Guanowsky, a follow-up email was sent to him on January 7, 2022, again asking Defendant to reconsider its position. Mr. Guanowsky responded stating only "I respectfully disagree with your interpretation of the law and your position." The undersigned then attempted to contact Mr. Guanowsky in response to this terse response via email on January 7, 2022, January 14, 2022, and January 19, 2022, in an effort to have a meaningful discussion with him, however, the undersigned received no response from him. On information and belief, Mr. Guanowsky is no longer employed by Defendant.

11. Thereafter, Plaintiff reported to Defendant's Employee Health Services on January 27, 2022, and she was cleared to return to work on January 28, 2022, which she continued to do until February 11, 2022, on which date, Defendant terminated Plaintiff's employment due to her refusal to violate her sincerely held religious beliefs by becoming vaccinated for COVID-19 and influenza.

12. Rather than engage in an "interactive process" with Plaintiff in accordance with the EEOC's guidance concerning religious accommodation requests in the context of Title VII of the Civil Right Acts of 1964, wherein it could have exercised its right to make "limited inquiry" concerning Plaintiff's religious beliefs, if it had reason to question same, even after she attempted to engage in said process with the assistance of legal counsel, Defendant simply rejected Plaintiff's stated religious beliefs on each occasion.

13. Plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission on October 27, 2021 following the initial denials of her religious accommodation requests wherein she was advised of her impending termination, and thereafter submitted an Amended Charge of Discrimination on October 29, 2021. The EEOC conducted its investigation of the foregoing circumstances, and thereafter issued the enclosed Notice of Right to Sue to Plaintiff on August 22, 2022. The instant action is commenced within the 90-day period from Plaintiff's receipt of same pursuant to Title VII of the Civil Rights Act. Same are attached as **Exhibit "I."**

14. On information and belief, at no time has Defendant contended that it was unable to grant Plaintiff's requested accommodation from its requirement that she be vaccinated due to alleged "undue hardship" – it denied her requests and then terminated her

employment because it either outright rejected her stated religious beliefs, or otherwise refused to engage in a good faith interactive dialogue with her concerning same.

15. It is absolutely unconscionable that Plaintiff served Defendant and all individuals to whose care she was assigned dutifully all throughout the COVID-19 pandemic, which presented heretofore unfathomable challenges for all healthcare professionals, and that Defendant refused to make even a good faith effort to respect Plaintiff's religious beliefs and terminated her employment of 12 years because of them. Plaintiff repeatedly attempted to supply Defendant with additional information for its consideration concerning her sincerely held religious beliefs, and Defendant rejected those beliefs, resulting in Plaintiff losing her nursing career of 11+ years as well as sustaining emotional and mental anguish from being the victim of Defendant's discriminatory practices. As a result of the foregoing, Plaintiff has been damaged.

## II.     CLAIMS FOR RELIEF

## COUNT ONE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. The above-described actions of Defendant constitute unlawful employment discrimination against Plaintiff based upon her sincerely held religious beliefs, and Defendant's failure to engage in a proper "interactive process" with Plaintiff when it either knew or should have known that it imposed employment-related requirements upon her that violated said beliefs, and despite Plaintiff's numerous good faith efforts to

attempt to provide additional information for Defendant's consideration concerning her

religious beliefs, even with the assistance of counsel, it refused to consider same, and

instead terminated her employment in contravention to 42 U.S.C. § 2000e et seq, in

violation of Plaintiff's civil rights, under the legal theories of "failure to accommodate,"

"disparate treatment," and "retaliation."

3. Plaintiff has complied with the requirements of law to obtain a Notice of Right to Sue

    from the EEOC in order to assert a private cause of action under this Act, and the instant

    action was commenced within the applicable time period to do so.

4. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff

    has been damaged.


WHEREFORE Plaintiff demands judgment against Defendant for an award of compensatory,

statutory, exemplary and/or punitive monetary damages in an amount to be determined at time of

trial, together with an award of her counsel fees, pre-judgment interest accruing to the date of

entry of judgment, costs of suit, and such other relief the Court deems equitable and just.


## COUNT TWO– VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

## P.L. 744, No. 222 § 1


1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set

    forth herein.

2. The above-described actions of Defendant constitute unlawful employment discrimination against Plaintiff  in contravention to P.L. 744, No. 222 § 1, the Pennsylvania Human Relations Act.

3. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against Defendant for an award of compensatory, statutory, exemplary and/or punitive monetary damages in an amount to be determined at time of trial, together with an award of her counsel fees, pre-judgment interest accruing to the date of entry of judgment, costs of suit, and such other relief the Court deems equitable and just.

Date: November 18, 2022                              Respectfully submitted,

/s/ Daryl Kipnis (SBN 328051)
daryl@kipnislawoffices.com
KIPNIS LAW OFFICES
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
Telephone: (732) 595-5298
Fax: (732) 412-7925
Attorney for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues so triable pursuant to FRCP 38

Date: November 18, 2022            Respectfully submitted,

<p style="margin-left:40%">/s/ Daryl Kipnis (SBN 328051)<br>
daryl@kipnislawoffices.com<br>
KIPNIS LAW OFFICES<br>
280 Medford-Mt. Holly Rd.<br>
Medford, NJ 08055<br>
Telephone: (732) 595-5298<br>
Fax: (732) 412-7925<br>
Attorney for Plaintiff</p>

# TRANSACTION REPORT

SEP/10/2021/FRI 03:32 PM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | SEP/10 | 03:26PM | 9916104021203 | 0:01:58 | 13 | MEMORY    OK | SG3 | 2174 |



VALLEY HEALTH PARTNERS

Children's Clinic (VHP)
1627 CHEW ST
Allentown, PA 18102

*FAX TRANSMITTAL SHEET FOR PROTECTED HEALTH INFORMATION
(PHI)*

Health care information is personal and sensitive information related to a person's health care. It
is being faxed to you after appropriate authorization from the patient or under the circumstances
that don't require patient authorization. You, the recipient, are obligated to maintain it in a safe,
secure and confidential manner. Re-disclosure without additional patient consent or as
permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality
could subject you to penalties described in federal and state law.

To: _Employee Health_

Fax Number: _610.402.1203_

Time: _15²⁵_

CC Fax Number: 610-969-4332

From: _Deborah Leeck, RN_

Date: _9/10/2021_

Total No. of Pages, Including Cover _13_

CC Phone Number: 610-969-4300

For your review. Additionally, hand-delivered a
copy this morning, and sent a copy via certified
mail to ensure receipt of request. Thank you.

Confidential Alert: This telecopied material and the information contained in it is intended only
for the use of the individual or entity to which it is addressed and may contain information that is
privileged, confidential and exempt from disclosure. If the reader of this message is not the
intended recipient or an employee or agent responsible for delivering the message to the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error, please
notify us immediately by telephone



**VALLEY HEALTH PARTNERS**

Children's Clinic (VHP)
1627 CHEW ST
Allentown, PA 18102

---

*FAX TRANSMITTAL SHEET FOR PROTECTED HEALTH INFORMATION*
*(PHI)*

---

*Health care information is personal and sensitive information related to a person's health care. It is being faxed to you after appropriate authorization from the patient or under the circumstances that don't require patient authorization. You, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.*

To: Employee Health

Fax Number: 610.402.1203

Time: 1525

From: Deborah Leeck, RN

Date: 9/10/2021

Total No. of Pages, Including Cover 13

CC Fax Number: 610-969-4332

CC Phone Number: 610-969-4300

For your review. Additionally, hand-delivered a copy this morning, and sent a copy via certified mail to ensure receipt of request. Thank you.

**Confidential Alert:** *This telecopied material and the information contained in it is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error,*

Attachment A Page 2

## LEHIGH VALLEY HEALTH NETWORK
## COVID-19 IMMUNIZATION
## EXEMPTION REQUEST FORM

I request an exemption to the COVID-19 Immunization requirement based on the following:

☐      MEDICAL CONTRAINDICATION TO THE COVID-19 VACCINE
☑      RELIGIOUS BELIEF

I have attached and/or requested the required supporting documentation to this request (Attachment B for medical contraindications or Attachment C for religious belief). I understand that my failure to submit acceptable medical documentation or provide sufficient information describing my religious belief, observance or practice may result in my request for an exemption being denied.

I understand that my request for an exemption may be reviewed by LVHN staff members from Employee Health, Human Resources, Infectious Disease, Pastoral Care, Legal Services or other authorized representatives who may assist in the evaluation of my request. I understand that in order to evaluate my request for an exemption my manager and/or supervisor will also be made aware as part of the process and informed of the reasons for my requested exemption. I consent to the release of the request and supporting documentation to all such representatives of LVHN, on a need-to-know basis, in order for the representative to carry out their duties and to act on my request for an exemption.

I hereby authorize Employee Health Services to release information to my manager/supervisor to confirm my receipt of the COVID-19 vaccination or my exemption from the COVID-19 vaccination requirement in accordance with policies established by LVHN. I may request a copy of my signed Authorization if desired. I understand that I may revoke this Authorization at any time except to the extent that prior action has been taken in reliance on this Authorization. If I want to revoke this Authorization, I must mail, fax or bring a letter in person to Employee Health Services stating that I want to revoke this Authorization.

Signature: _D. Leeck, RN, BSN, IBCLC_

Name Printed: _Deborah Leeck, RN, BSN, IBCLC_

Employee ID # / Social Security # / User ID #: _C0665_

Date: _9/10/2021_

Department: _VHP- Children's Clinic_

Position / Shift / FTE: _Clinical Coordinator, 1.0, Days_

Immediate Supervisor: _Heidi Kober_

**All employees who are granted an approved exemption will be required to wear a surgical mask until such time as the guidance from OSHA, CDC, or Department of Health changes the guidance.**

**RETURN THIS FORM TO EMPLOYEE HEALTH, CC- ANDERSON WING, 3RD FLOOR (FAX # 610- 402-1203) ALONG WITH THE REQUIRED SUPPORTING DOCUMENTATION BY END OF BUSINESS ON THE 3RD FRIDAY AFTER FDA APPROVAL OF THE VACCINE OR WHEN LVHN DETERMINES UNIVERSAL VACCINATION IS REQUIRED.**

**RELIGIOUS EXEMPTION FROM COVID-19 VACCINATION FORM**          **Attachment C**

Employee name (print) _Deborah Leeck, RN, BSN, IBCLC_

Employee ID, Social Security # or user ID _C0665_

Employee's Phone # _215.518.8667_

Minister / Clergy / religious leader's name (if applicable)
_Pastor Dave Alderson_

☑ I am requesting an exemption on the basis of a sincerely held bonafide religious
Belief, observance or practice that prevents me from obtaining the COVID-19 Vaccination,
described as follows: (attach any documentation which would be helpful in describing the reasons
for your requested exemption and how it applies to matters of religious belief)
_See attached letter_

Do other members of your family (including children) receive vaccination? ☑ YES   ☑ NO

Have you or your family members been vaccinated in the past? ☑ YES   ☐ NO
If so, why and how recently?
_My children receive their childhood vaccines, which have many years of safety
and efficacy data. However they will not be receiving the HPV/Gardisil vaccine as it
is my firmly + spiritually-held belief that abstinence is the biblical advice. My husband does not
receive any vaccinations - born + raised Jehovah's Witness. With all I have endured in the past 17+
Would you accept medical intervention for yourself or your family members in an emergency situation?_ months, it is
☑ YES   ☐ NO   If so, why?                                                                my sincerely-
_Emergency medical intervention is a standard of care that has_                held belief
_been in use over many, many years, and has deeply and_                           that God
_long-term studies for best outcome, best practice, and_                             created my
_protocol. This does not compare to the use of a vaccine._                           body in His
                                                                                                           image, and
                                                                                                           obtaining any
                                                                                                           chemical -
Have you or your family members accepted medical intervention in emergency situations in the past? injections a
☑ YES   ☐ NO   If so, why and how recently?                                          this time an
_It's been several years, thankfully, since we've needed any._                  moving forwa
_Again, this does not apply to vaccine use. The administration_              is not His pla
_of a vaccine is not going to save me during an MI or_                              for me.
_anaphylaxis, nor will it repair an injury._

**RELIGIOUS EXEMPTION FROM COVID-19 VACCINATION FORM     Attachment C-PAGE 2**

Do you object to the vaccine because of what you believe it contains?  ☐ YES     ☑ NO

If so, what are the specific components of the vaccine to which you object?

N/A _____

_____

_____

_____

When did your religious beliefs in opposition to vaccination develop?

*See attached letter.* _____

_____

_____

_____

**ALL THE ABOVE INFORMATION IS ACCURATE AND TRUE.  I ACKNOWLEDGE THAT IF THIS EXEMPTION IS APPROVED, I WILL BE REQUIRED TO WEAR A MASK AS NOTED IN THE COVID-19 UNIVERSAL VACCINATION POLICY.**

*Leech, RN, BSN, IBCLC* _____     Date  *9/10/2021* _____

Individual seeking exemption Signature

☑  I have attached a signed statement from my religious leader

**RETURN THIS FORM TO EMPLOYEE HEALTH, CC- ANDERSON WING, 3RD FLOOR
(FAX # 610- 402-1203) ALONG WITH ANY SUPPORTING DOCUMENTATION BY THE THIRD WEEK
AFTER FDA APPROVAL OF ONE OR MORE OF THE COVID19 VACCINES.**

EXHIBIT "B"


**Lehigh Valley**
**Health Network**

**GLENN GUANOWSKY, ESQUIRE**
*Deputy General Counsel for*
*Litigation and Risk Management*

Department of Legal Services
234 North 17th Street
Allentown, PA  18104

Phone:  610-969-2774
Fax:  610-969-2829
glenn.guanowsky@lvhn.org
LVHN.org

September 15, 2021

**VIA EMAIL AND US MAIL**

Ms. Deborah  Leeck
2060 Wooded Ridge Circle
Fogelsville, PA  18051

RE:    Religious Exemption Request from COVID-19 Vaccination

Dear Ms. Leeck:

Your request for an exemption from receiving a COVID-19 vaccination based on your representation of having a sincerely held bona fide religious belief has been reviewed.

Based on that review, your exemption request has been denied.  Please review the policy and the information that has been made available to schedule your vaccination.

Sincerely,

Glenn Guanowsky, Esquire
Deputy General Counsel for
Litigation and Risk Management
Lehigh Valley Health Network
GG/slnp

cc:    Heidi N. Kober, Clinical Manager
       Jeri Lemanek, RN, Director, Employee Health Services

EXHIBIT "C"

Attachment A Page 2

## LEHIGH VALLEY HEALTH NETWORK
## COVID-19 IMMUNIZATION
## EXEMPTION REQUEST FORM

I request an exemption to the COVID-19 Immunization requirement based on the following:

☐ MEDICAL CONTRAINDICATION TO THE COVID-19 VACCINE
☑ RELIGIOUS BELIEF

I have attached and/or requested the required supporting documentation to this request (Attachment B for medical contraindications or Attachment C for religious belief). I understand that my failure to submit acceptable medical documentation or provide sufficient information describing my religious belief, observance or practice may result in my request for an exemption being denied.

I understand that my request for an exemption may be reviewed by LVHN staff members from Employee Health, Human Resources, Infectious Disease, Pastoral Care, Legal Services or other authorized representatives who may assist in the evaluation of my request. I understand that in order to evaluate my request for an exemption my manager and/or supervisor will also be made aware as part of the process and informed of the reasons for my requested exemption. I consent to the release of the request and supporting documentation to all such representatives of LVHN, on a need-to-know basis, in order for the representative to carry out their duties and to act on my request for an exemption.

I hereby authorize Employee Health Services to release information to my manager/supervisor to confirm my receipt of the COVID-19 vaccination or my exemption from the COVID-19 vaccination requirement in accordance with policies established by LVHN. I may request a copy of my signed Authorization if desired. I understand that I may revoke this Authorization at any time except to the extent that prior action has been taken in reliance on this Authorization. If I want to revoke this Authorization, I must mail, fax or bring a letter in person to Employee Health Services stating that I want to revoke this Authorization.

Signature: _Deborah Leeck, RN, BSN, IBCLC_

Name Printed: _Deborah Leeck, RN, BSN, IBCLC_

Employee ID # / Social Security # / User ID #: _C 0665_

Date: _9/30/2021_

Department: _VHP- Children's Clinic_

Position / Shift / FTE: _Clinical Coordinator, Days, 1.0_

Immediate Supervisor: _Heidi Kober_

**All employees who are granted an approved exemption will be required to wear a surgical mask until such time as the guidance from OSHA, CDC, or Department of Health changes the guidance.**

**RETURN THIS FORM TO EMPLOYEE HEALTH, CC- ANDERSON WING, 3RD FLOOR (FAX # 610- 402-1203) ALONG WITH THE REQUIRED SUPPORTING DOCUMENTATION BY END OF BUSINESS ON THE 3RD FRIDAY AFTER FDA APPROVAL OF THE VACCINE OR WHEN LVHN DETERMINES UNIVERSAL VACCINATION IS REQUIRED.**

**Attachment C**

**RELIGIOUS EXEMPTION FROM COVID-19 VACCINATION FORM**

Employee name (print) _Deborah Leeck, RN, BSN, IBCLC_

Employee ID, Social Security # or user ID _C0665_

Employee's Phone # _215-518-8667_

Minister / Clergy / religious leader's name (if applicable)

_____

☑ I am requesting an exemption on the basis of a sincerely held bonafide religious Belief, observance or practice that prevents me from obtaining the COVID-19 Vaccination, described as follows: (attach any documentation which would be helpful in describing the reasons for your requested exemption and how it applies to matters of religious belief)

_See attached letter_

Do other members of your family (including children) receive vaccination? ☑ YES ☑ NO

Have you or your family members been vaccinated in the past? ☐ YES ☐ NO
If so, why and how recently?
_Under the Genetic Information nondiscrimination Act (GINA), it is illegal for an employer to request information about an employee's family medical history_

Would you accept medical intervention for yourself or your family members in an emergency situation?
☑ YES ☐ NO If so, why?
_This has no relevance to the Covid-19 vaccine or my religious beliefs, regarding it._

Have you or your family members accepted medical intervention in emergency situations in the past?
☐ YES ☐ NO If so, why and how recently?
_(GINA)_

**RELIGIOUS EXEMPTION FROM COVID-19 VACCINATION FORM      Attachment C-PAGE 2**

Do you object to the vaccine because of what you believe it contains?   ☐ YES      ☑ NO

If so, what are the specific components of the vaccine to which you object?

*See attached letter*

When did your religious beliefs in opposition to vaccination develop?

*I renewed my faith and belief in Jesus as my Lord and Savior in 2007*

**ALL THE ABOVE INFORMATION IS ACCURATE AND TRUE.   I ACKNOWLEDGE THAT IF THIS EXEMPTION IS APPROVED, I WILL BE REQUIRED TO WEAR A MASK AS NOTED IN THE COVID-19 UNIVERSAL VACCINATION POLICY.**

*Leeck, RN, BSN, IBCLC* Date  *9/30/2021*
Individual seeking exemption Signature

☑ I have attached a signed statement from my religious leader

**RETURN THIS FORM TO EMPLOYEE HEALTH, CC- ANDERSON WING, 3RD FLOOR
(FAX # 610- 402-1203) ALONG WITH ANY SUPPORTING DOCUMENTATION BY THE THIRD WEEK
AFTER FDA APPROVAL OF ONE OR MORE OF THE COVID19 VACCINES.**

Deborah Leeck, RN, BSN, BA-Business, IBCLC
Lehigh Valley Health Network
VHP-Children's Clinic
Cell: 215.518.8667
Email: dlutz1115@yahoo.com

September 29, 2021

**<u>Request for Religious Exemption</u>**

To Whom It May Concern:

Please find my request for religious exemption against the Covid-19 vaccine.

I am a Christian first and foremost.  I believe in Jesus Christ as my Lord and Savior, and strive to follow His word, as written in the Holy Bible, and have faith in Him as the One True Healer.  Psalm 127: 3-5 says, "Behold, children are a heritage from the Lord, the fruit of the womb is a reward.  Like arrows in the hand of a warrior, so are the children of one's youth.  Blessed is the man who fills his quiver with them!  He shall not be put to shame when he speaks with his enemies in the gate."  Jeremiah 1:5 states, "Before I formed you in the womb, I knew you, and before you were born, I consecrated you; I appointed you a prophet to the nations." Matthew 18: 1-5 reads, "At that time the disciples came to Jesus and asked, 'Who, then, is the greatest in the kingdom of Heaven?' He called a little child to Him and placing the child among them.  And He said, Truly I tell you, unless you change and become like little children, you will never enter the kingdom of heaven; and whoever welcomes one such child in my name, welcomes me."  Children are precious, and a gift from the Lord.  I believe that life begins at the moment of conception, and abortion is murder.

The Covid-19 vaccine was developed using aborted human fetal cells derived from one of two sources; HEK-293, a kidney cell line that was isolated from a fetus in 1973; and PER.C6, a retinal cell line that was isolated from an aborted fetus in 1985.  While I understand the Moderna and Pfizer vaccines contain no fetal cells in the vaccine themselves; the way they are manufactured and the efficacy tested is by the use of the aforementioned aborted fetal cells, and that goes against my deeply-held religious belief concerning abortion.  Our bodies were intricately created and designed by God to glorify Him and His purpose for me.  I am solely responsible for taking care of my body, and by allowing something into my body that I know was developed using aborted fetal cells, goes against my conscious as a Christian and I will not do it.

Thank you for your time and attention in reconsidering this matter.

Warmest regards,

*D Leeck, RN, BSN, IBCLC*

Deborah Leeck



## *Personnel Report*

Use this report to record events which reflect the employee's behavior in the performance of work/job related situations. Use to record information in general and to document notice or corrective actions being taken.

| Employee Name: | Deborah Leeck | Department: | VHP Children's Clinic |
|---|---|---|---|
| Employee ID# | 200082 | Cost Center | 30-0055 |
| Job Title: | RN, Clinical Coordinator | | |

**Purpose of Report** (Check One)

☐ Confirmation of Counseling    ☒ Suspension or Final Warning

☐ Warning    ☐ Discharge

Date (s) of Event:  October 1, 2021

**Describe Circumstances**:

Deborah resubmitted exemption letter. Will not receive first shot until she's notified of either an approval or rejection.

**Action Taken**:
Final written warning.

**Employee's Comments**: _____

_____

I was interviewed about the current incident before this action was taken.  ☒ Yes    ☐ No

I have received information about the LVH Fair Treatment Process policy.  ☑ Yes    ☐ No

I understand I have 7 days from the date of this action to pursue the Fair treatment Process by contacting the Employee

Relations Specialist at 484-884-0148.  ☑ Yes    ☐ No

I have read this report and have been given an opportunity to comment.  My signature acknowledges that I have read and received a copy of this report.

Employee's Signature: *D. Leeck, RN, IBCLC*    Date: 10/1/2021

Supervisor Signature: _____    Date: _____

Supervisor's Printed Name: _____    Date: _____

Administrative Officer Signature: _____    Date: 10/1/21

H.R. Officer Signature: _____    Date: _____

DISTRIBUTION: ☐ Original to Human Resources    ☐ Copy to Employee    ☐ Copy to Supervisor

w/human resources/personnel report template or HR Website/manager resources/performance management.   Revised/Effective 11/1/2011

 **Lehigh Valley
Health Network**

ATTACHMENT A

*Personnel Report*

This report shall record events which reflect the employee's performance and/or behavior of work/job related issues. All levels of discipline shall be retained in the employee's official HR personnel file.

| Employee Name: | **Deborah Leeck** | Department: | **VHP Children's Clinic** |
|---|---|---|---|
| Employee ID#: | **200082** | Cost Center: | **30-0055** |
| Job Title: | **RN, Clinical Coordinator** | | |

**Level of Discipline:**
☐ Confirmation of Counseling      ☐ Written Warning
☐ Final Warning/Suspension       ☒ Final Warning          ☐ Termination

Date (s) of Event: October 1, 2021

Describe Circumstances:
Per LVHN's COVID-19 Universal Vaccination Policy, all colleagues were to receive their first dose of the two-dose vaccine or single dose (J&J) vaccine by October 1, 2021, if they had not received approval for a medical or religious exemption. According to Employee Health, you have not received the first dose of the two-dose vaccine or single dose (J&J) vaccine as required. You are also not approved for a medical or religious exemption.

Action Taken:  This is a Final Warning for violation of the LVHN COVID-19 Universal Vaccination Policy. If you are not fully vaccinated by November 12, 2021, your employment will be terminated. You will not be eligible to appeal the decision through the Fair Treatment Process Policy.  A copy of the LVHN COVID-19 Universal Vaccination Policy has been provided to the colleague.

Future violations of this or any other policies or procedures may result in further disciplinary action, up to and including termination.

Referred to EAP and FMLA as appropriate                      ☒ Yes   ☐ No

To be completed by employee:
Employee's Comments:  *I do not agree with this. I am not resigning from my position, and have no desire to. This is discrimination, and I will not tolerate it.*
This issue was discussed with me before this action was taken.          ☒ Yes   ☐ No

I have read this report and have been given an opportunity to comment.  My signature acknowledges that I have read and understand the issue, the corrective action needed and have received a copy of this report.

Employee Signature: *Leeck, RN, BSN, FBCLC* Date: 10/4/2021

Supervisor Signature: _____  Date: _____

Department Leader/Executive Signature: _____  Date: 10/4/21

Human Resources Signature: _____  Date: _____

< **1**     5 Messages     ∧ ∨

DL   **Deborah S Leeck**                    Monday
     To: Jodi   Cc: Glenn, Jeri  >

## RE: Response to Religious Exemption Request from COVID 19 Vaccine

Hello,

I resubmitted my religious exemption and have not received a response yet, and it has been several weeks now.

Please advise.

Thank you,
Deb Leeck, RN, BSN, IBCLC, BA-Business
Clinical Coordinator


## THIS EMAIL IS SENT ON BEHALF OF GLENN GUANOWSKY, ESQUIRE DEPUTY GENERAL COUNSEL FOR LITIGATION AND RISK MANAGEMENT DEPARTMENT OF LEGAL SERVICES, LEHIGH VALLEY HEALTH NETWORK


Please see attached correspondence from Glenn Guanowsky, Esquire.

Thank you.

5 Messages

**Response to Religious Exe...**

1

**Glenn Guanowsky**                    Monday
To: Deborah, Jodi   Cc: Jeri ›

Resubmissions are not considered.

Glenn Guanowsky, Esquire
Deputy General Counsel for
    Litigation & Risk Management
Department of Legal Services
Lehigh Valley Health Network
234 North 17th Street
Allentown, PA  18104
(610) 969-2774 (Telephone)
(610) 969-2829 (FAX)
glenn.guanowsky@lvhn.org


## THIS EMAIL IS SENT ON BEHALF OF GLENN GUANOWSKY, ESQUIRE DEPUTY GENERAL COUNSEL FOR LITIGATION AND RISK MANAGEMENT DEPARTMENT OF LEGAL SERVICES, LEHIGH VALLEY HEALTH NETWORK


Please see attached correspondence from Glenn Guanowsky, Esquire.

Thank you.

See More




# TRANSACTION REPORT

NOV/01/2021/MON 05:44 PM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | NOV/01 | 05:43PM | 9916104021203 | 0:00:47 | 5 | MEMORY    OK | SG3 | 2892 |



VALLEY HEALTH PARTNERS

Children's Clinic (VHP)
1627 CHEW ST
Allentown, PA 18102

*FAX TRANSMITTAL SHEET FOR PROTECTED HEALTH INFORMATION
(PHI)*

*Health care information is personal and sensitive information related to a person's health care. It is being faxed to you after appropriate authorization from the patient or under the circumstances that don't require patient authorization. You, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.*

To: Employee Health

Fax Number: 610.402.1203

Time: 1742

From: Deborah Leeck

Date: 11/1/2021

Total No. of Pages, Including Cover 5

CC Fax Number: 610-969-4332

CC Phone Number: 610-969-4300

Thank You,
Deb

*Confidential Alert: This telecopied material and the information contained in it is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.*



VALLEY HEALTH PARTNERS



Children's Clinic (VHP)
1627 CHEW ST
Allentown, PA 18102

---

*FAX TRANSMITTAL SHEET FOR PROTECTED HEALTH INFORMATION
(PHI)*

---

*Health care information is personal and sensitive information related to a person's health care. It is being faxed to you after appropriate authorization from the patient or under the circumstances that don't require patient authorization. You, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.*

To: Employee Health

Fax Number: 610.402.1203

Time: 1742

From: Deborah Leeck

Date: 11/1/2021

Total No. of Pages, Including Cover 5

CC Fax Number: 610-969-4332

CC Phone Number: 610-969-4300

Thank You,

Deb

Confidential Alert: *This telecopied material and the information contained in it is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.*

Attachment B Page 2

**LEHIGH VALLEY HEALTH NETWORK**
**UNIVERSAL INFLUENZA IMMUNIZATION**
**EXEMPTION REQUEST FORM**

I request an exemption to the Influenza Immunization requirement based on the following:

☐ MEDICAL CONTRAINDICATION TO THE COVID VACCINE
☑ RELIGIOUS BELIEF

I have attached and/or requested the required supporting documentation to this request (Attachment B for medical contraindications or Attachment C for religious belief). I understand that my failure to submit acceptable medical documentation or provide sufficient or incomplete information describing my religious belief, observance or practice will result in my request for an exemption being denied.

I understand that my request for an exemption may be reviewed by LVHN staff members from Employee Health, Human Resources, Infectious Disease, Pastoral Care, Legal Services or other authorized representatives who may assist in the evaluation of my request.  I understand that in order to evaluate my request for an exemption   my manager and/or supervisor will also be made aware as part of the process and informed of the reasons for my requested exemption.  I consent to the release of the request and supporting documentation to all such representatives of LVHN, on a need-to-know basis, in order for the representative to carry out their duties and to act on my request for an exemption.

Signature: _D. Leeck, RN, BSN, IBCLC_

Name Printed: _Deborah Leeck, RN, BSN, IBCLC_

Employee ID # / Social Security # / User ID #: _C.0665_

Date: _11/1/2021_

Department: _VHP- Children's Clinic_

Position / Shift / FTE: _RN, Clinical Coordinator, IBCLC - Days, 1.0_

Immediate Supervisor: _Heidi Kober, RN_

**Personnel with patient contact who are granted an approved exemption will be required to wear a surgical mask during the period specified by Infectious Disease experts when in any patient care area or when within 6 feet of any patient.**

**RETURN THIS FORM TO EMPLOYEE HEALTH, CC- ANDERSON WING, 3RD FLOOR**
**(FAX # 610- 402-1203) ALONG WITH THE REQUIRED SUPPORTING DOCUMENTATION**
**BY NOVEMBER 1st.**

**RELIGIOUS EXEMPTION FROM INFLUENZA VACCINATION FORM**

Employee name (print) _Deborah Leeck, RN, BSN, IBCLC_

Employee ID, Social Security # or user ID _C0665_

Employee's Phone # _215.518.8667_

Minister / Clergy / religious leader's name (if applicable) _____

☑ I am requesting an exemption on the basis of a sincerely held bonafide religious
Belief, observance or practice that prevents me from obtaining the influenza immunization, described as follows: (attach any documentation which would be helpful in describing the reasons for your requested exemption and how it applies to matters of religious belief)

_Please see attached information._

Do other members of your family (including children) receive vaccination?   ☐ YES   ☑ NO

Have you or your family members been vaccinated in the past?   ☐ YES   ☐ NO
If so, why and how recently?
_Under the Genetic Information Nondiscrimination Act, it is illegal for an employer to request information about an employee's family medical history_

Would you accept medical intervention for yourself or your family members in an emergency situation?
☑ YES   ☐ NO   If so, why?
_This question has no relevance to the flu vaccine or my religious beliefs regarding it._

Have you or your family members accepted medical intervention in emergency situations in the past?
☐ YES   ☐ NO   If so, why and how recently?
_This also falls under the Genetic Information nondiscrimination Act._

**RELIGIOUS EXEMPTION FROM INFLUENZA VACCINATION FORM   Attachment B   Page 4**

*Do you object to the vaccine because of what you believe it contains?* ☐ YES   ☒ NO

*If so, what are the specific components of the vaccine to which you object?*

N/A

*When did your religious beliefs in opposition to vaccination develop?*

I belong to the United Methodist Church since 2007.

**ALL THE ABOVE INFORMATION IS ACCURATE AND TRUE.   I ACKNOWLEDGE THAT IF THIS EXEMPTION IS APPROVED, I WILL BE REQUIRED TO WEAR A MASK AS NOTED IN THE INFLUENZA IMMUNIZATION POLICY.**

_D. Beeck, RN, BSN, IBCLC_   Date _11/1/2021_
Individual seeking exemption Signature

☐  I have attached a signed statement from my religious leader

**RETURN THIS FORM TO EMPLOYEE HEALTH, CC- ANDERSON WING, 3RD FLOOR (FAX # 610- 402-1203) ALONG WITH THE REQUIRED SUPPORTING DOCUMENTATION BY NOVEMBER 1st CLOSE OF BUSINESS 4PM.**

Deborah Leeck, RN, BSN, IBCLC, BA-Business

Clinical Coordinator, VHP Children's Clinic

Request for Religious Exemption – Flu Vaccine

November 1, 2021

To Whom It May Concern:

I, _Deborah Leeck_, am exercising my First Amendment right under the United States Constitution and in accordance with the Pennsylvania Constitution, to object to any/all vaccine requirements or mandates based on my **sincerely held religious belief**. I am a Christian who believes in the Bible and follows God's teachings. I am objecting to the flu vaccine because I believe in and follow God's principles laid out in His Word and taking the vaccine would violate these beliefs. My body is a temple for the Holy Spirit. It is a God-given task that I protect the physical integrity of my body against injections and harmful substances. Vaccines contain many ingredients that are considered contaminants from a biblical standpoint, including, but not limited to neurotoxins, hazardous substances, attenuated viruses, animal parts, foreign DNA, albumin from human blood, carcinogens, and chemical wastes that are proven harmful to the human body. (See: https://www.cdc.gov/vaccines/pubs/pinkbook/downloads/appendices/b/excipient-table-2.pdf)

1 Corinthians 8:7: "Howbeit there is not in every man that knowledge: for some with conscience of the idol unto this hour eat it as a thing offered unto an idol; and their conscience being weak is defiled."

2 Corinthians 7:1: "Having therefore these promises, dearly beloved, let us cleanse ourselves from all filthiness of the flesh and spirit, perfecting holiness in the fear of God."

The Constitution of the Commonwealth of Pennsylvania
Article I. Declaration of Rights and Religious Freedom:

*All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatever, control or interfere with the rights of the conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.*

I believe in God and follow His principles and I have a deeply held belief that the flu vaccine violates. I will continue to wear a face mask per our infectious disease protocols during the CDC-recommended window for influenza.

May this request glorify God and my faith. Thank you for your consideration, especially during these difficult times when faith is the only constant in our lives.

Warmest regards,

*Leeck, RN, BSN, IBCLC*

Deborah Leeck, RN, BSN, IBCLC, BA-Business

**Attachment B Page 1**

### LEHIGH VALLEY HEALTH NETWORK
### UNIVERSAL INFLUENZA IMMUNIZATION
### EXEMPTION REQUEST FORM

The Lehigh Valley Health Network (LVHN) Influenza Policy requires all individuals to receive the annual influenza immunization during the "flu season" as designated by LVHN.  Individuals may request an exemption to this requirement on the basis of: (1) a medical contraindication, or (2) a bona fide religious belief, observance, or practice that is sincerely held that prohibits immunization.  An exemption does not excuse you from our annual influenza prevention program but rather provides an alternate method of compliance in place of the influenza immunization.

To consider your request for an exemption, you must complete and submit the **Exemption Request Form along with the required supporting documentation (attachment A for medical exemption request or attachment B for religious exemption request)** to Employee Health Services, Cedar Crest- Anderson Wing, or by fax (610-402-1203), **no later than November 1ˢᵗ.**  Incomplete request forms will not be considered. A team experienced in the review process, consisting of Employee Health staff; including physician staff (for medical exemption requests) and Legal Services staff (for religious exemption) will review each request on a case-by-case basis.  Supporting medical documentation must include information that supports the rationale for granting the exemption (i.e., results of an allergy test, etc.).  You may be asked to sign a Release of Information form for the appropriate healthcare provider if your documentation does not supply the above documentation.  You may also be interviewed in order to obtain additional information when requesting an exemption for religious reasons.

**All employees who are granted an approved exemption will be required to wear a surgical mask while in an LVHN workplace and abide by other restrictions in place, necessary to accommodate the exemption based upon the then current guidance OSHA, CDC, Pennsylvania or federal Department of Health or other authoritative agencies or professional bodies during influenza period as defined by LVHN Infectious Disease.**

**Failure to comply with the immunization policy will result in a written warning. An individual with patient contact who is not vaccinated or granted an exemption within 2 weeks of the warning, will be subject to termination of employment. The individual who does not have patient contact and has not been vaccinated or submitted a declination within 2 weeks of the warning, will be deemed to have resigned and not be eligible to appeal the decision through the Fair Treatment Policy.**

**Unvaccinated individuals who has been granted an exemption and fails to comply with the then required accommodations will be subject to termination of employment following a written warning.**

Religious Exemption Letter

To Whom it may Concern:

I _Deborah Leeck_ am exercising my First Amendment right under the United States Constitution and in accordance with the Pennsylvania Constitution, to strongly object to any/all vaccine requirements or mandates based on my **sincerely held religious belief**.  My right of religious freedom to choose is also protected by the Fourteenth Amendment which ensures equal protection under the law

**The CONSTITUTION of the COMMONWEALTH OF PENNSYLVANIA**
**ARTICLE I. DECLARATION OF RIGHTS**
**§ 3.  Religious freedom.**
*All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.*

My right to refuse this forced human experimentation is a fundamental human right protected by the Nuremberg Code of 1947 and has been codified in the United States Code of Federal Regulations. The FDA has adopted these principals in its regulations requiring the informed consent of all human subjects for medical research. **The first point of the Nuremberg Code States that "The voluntary consent of the human subject is absolutely essential". This serves as my formal notice that I DO NOT CONSENT.**

Furthermore, it shall be noted that the FDA has issued license approval for Pfizer-Biotech to manufacture a new Covid-19 vaccine labeled as COMIRNATY.  ALL other current Covid-19 Vaccines fall under "Emergency Use Authorization" only and are NOT APPROVED by the FDA. Under Title 21 U.S.C. § 360bbb-3 which states that any product with this designation **must be voluntary, and participants have the option to accept or refuse.**

This letter serves as my notice in writing that this vaccine goes against my sincerely held religious beliefs and therefore, I am entitled to a religious exemption.

Sincerely,

*D. Leeck, RN, BSN, IBCLC*

https://www.legis.state.pa.us/cfdocs/legis/LI/consCheck.cfm?txtType=HTM&ttl=0   https://vaers.hhs.gov/data.html
https://constitution.congress.gov/constitution/amendment-1/     https://www.law.cornell.edu/uscode/text/21/360bbb-3
https://www.fda.gov/media/97321/download          https://history.nih.gov/display/history/Nuremberg+Code
https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/comirnaty-and-pfizer-biotech-covid-19-vaccine
https://www.fda.gov/regulatory-information/search-fda-guidance-documents/emergency-use-a

 **Lehigh Valley Health Network**

**GLENN GUANOWSKY, ESQUIRE**
*Deputy General Counsel for
Litigation and Risk Management*

Department of Legal Services
234 North 17th Street
Allentown, PA  18104

Phone:  610-969-2774
Fax:  610-969-2829
glenn.guanowsky@lvhn.org
LVHN.org

November 4, 2021

**VIA EMAIL**

Deborah Leeck
2060 Wooded Ridge Circle
Fogelsville, PA  18051

RE:     Religious Exemption Request from Influenza Vaccination

Dear Ms. Leeck:

Your request for an exemption from receiving the Influenza vaccination based on your representation of having a sincerely held bona fide religious belief has been reviewed.

Based on that review, your exemption request has been denied.  Please review the policy and the information that has been made available to schedule your Influenza vaccination.

Sincerely,

Glenn Guanowsky, Esquire
Deputy General Counsel for
Litigation and Risk Management
Lehigh Valley Health Network
GG/jmb

cc:     Heidi Kober, RN, Clinical Manager
        Jeri Lemanek, RN
            Director, Employee Health Services

## Transmission Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 2021−11−12 | 14:26:24 | Transmit Header Text | |
| Local ID 1 | 6105302287 | | Local Name 1 | LVI |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

 Lehigh Valley
Health Network
A PASSION FOR BETTER MEDICINE

#### CONSENT FOR RELEASE OF PROTECTED HEALTH INFORMATION

The Lehigh Valley Health Network, Department of Employee Health Services requests authorization to obtain information from my treating provider(s) identified below:

_John Nuschke_
_Jenny Miller_

The information being sought is <u>for one or more of the following reasons:</u>

(check box that applies)

☐ Completion of Post Offer, Pre-Employment Physical Screening

☐ Ability to perform essential work functions with or without reasonable accommodation

☑ Completion of an application for a Medical Leave or Family Medical Leave request or re-certification of a leave

I understand relevant information pertaining to drug and alcohol information related to treatment, psychiatric or psychological treatment information or information related to HIV status may be obtained, if deemed necessary, to address the reason(s) listed above.

This authorization will remain in effect as long as necessary to accomplish the purpose for the authorization stated above.

I recognize that if I choose not to consent for my medical information to be released, Employee Health Services may not have sufficient information to assess whether I meet the medical requirements for a Medical Leave or medical clearance for employment, resulting in a denial of that leave request or medical clearance for employment.

☐ **I DO NOT consent to the release of my Protected Health Information**

_____       _____       _____
Name                                       Witness                                   Date

☑ **I DO consent to the release of my Protected Health Information**

_____       _____       _11/10/21_
Name                                       Witness                                   Date

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 017 | LVHN Fax Server | 14:21:48 2021−11−12 | 00:03:02 | 5/5 | 1 | EC | HS | CP14400 |

**Total Pages Scanned : 5     Total Pages Confirmed : 5**

Abbreviations:
| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | CP: Completed | TS: Terminated by system |
| HR: Host receive | PR: Polled remote | RP: Report | FA: Fail | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FF: Fax Forward | TU: Terminated by user | EC: Error Correct |



## <u>CONSENT FOR RELEASE OF PROTECTED HEALTH INFORMATION</u>

The Lehigh Valley Health Network, Department of Employee Health Services requests authorization to obtain information from my treating provider(s) identified below:

John Nuschke

Jenny Miller

The information being sought is <u>for one or more of the following reasons:</u>

(check box that applies)

☐  Completion of Post Offer, Pre-Employment Physical Screening

☐  Ability to perform essential work functions with or without reasonable accommodation

☑  Completion of an application for a Medical Leave or Family Medical Leave request or re-certification of a leave

I understand relevant information pertaining to drug and alcohol information related to treatment, psychiatric or psychological treatment information or information related to HIV status may be obtained, if deemed necessary, to address the reason(s) listed above.

This authorization will remain in effect as long as necessary to accomplish the purpose for the authorization stated above.

I recognize that if I choose not to consent for my medical information to be released, Employee Health Services may not have sufficient information to assess whether I meet the medical requirements for a Medical Leave or medical clearance for employment, resulting in a denial of that leave request or medical clearance for employment.

☐  **I DO NOT consent to the release of my Protected Health Information**

_____     _____     _____
Name                                      Witness                       Date

☑  **I DO consent to the release of my Protected Health Information**

_____     _____     _____
Name                                      Witness                       Date   11/16/21

**Certification of Health Care Provider for Employee's Serious Health Condition under the Family and Medical Leave Act**

**U.S. Department of Labor**
**Wage and Hour Division**



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR.
RETURN TO THE PATIENT.

OMB Control Number: 1235-0003
Expires: 6/30/2023

The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. 29 U.S.C. §§ 2613, 2614(c)(3); 29 C.F.R. § 825.305. The employer must give the employee at least **15 calendar days** to provide the certification. If the employee fails to provide complete and sufficient medical certification, his or her FMLA leave request may be denied. 29 C.F.R. § 825.313. Information about the FMLA may be found <u>on the WHD website at www.dol.gov/agencies/whd/fmla.</u>

## SECTION I – EMPLOYER

Either the employee or the employer may complete Section I. While use of this form is optional, this form asks the health care provider for the information necessary for a complete and sufficient medical certification, which is set out at 29 C.F.R. § 825.306. **You may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308.** Additionally, you **may not** request a certification for FMLA leave to bond with a healthy newborn child or a child placed for adoption or foster care.

Employers must generally maintain records and documents relating to medical information, medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

(1) Employee name: Deborah Leeck                                                    200082
    _____First_____      _____Middle_____      _____Last_____

(2) Employer name: Lehigh Valley Health Network          Date: 11/05/21   *(mm/dd/yyyy)*
                                                          *(List date certification requested)*

(3) The medical certification must be returned by 11/25/21                      *(mm/dd/yyyy)*
    *(Must allow at least 15 calendar days from the date requested, unless it is not feasible despite the employee's diligent, good faith efforts.)*

(4) Employee's job title: Clinical Coordinator Phys Prac           Job description (□ is / □ is not) attached.
    Employee's regular work schedule: M - F, 8AM - 4:30pm
    Statement of the employee's essential job functions: *Manage and oversee the daily operations of the clinic floor; coordinate the training, education, and policies for clinical staff*
    *(The essential functions of the employee's position are determined with reference to the position the employee held at the time the employee notified the employer of the need for leave or the leave started, whichever is earlier.)*

## SECTION II - HEALTH CARE PROVIDER

Please provide your contact information, complete all relevant parts of this Section, and sign the form. Your patient has requested leave under the FMLA. The FMLA allows an employer to require that the employee submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to the serious health condition of the employee. For FMLA purposes, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves *inpatient care* or *continuing treatment by a health care provider*. For more information about the definitions of a serious health condition under the FMLA, see the chart on page 4.

You may, but are **not required** to, provide other appropriate medical facts including symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment. Please note that some state or local laws may not allow disclosure of private medical information about the patient's serious health condition, such as providing the diagnosis and/or course of treatment.

Form WH-380-E, Revised June 2020

Employee Name: Deborah Leeck

Health Care Provider's name: *(Print)* John Nuschke, MD

Health Care Provider's business address: 798 Hausman Rd. Suite 220, Allentown, PA 18104

Type of practice / Medical specialty: General / Internal Med

Telephone: (610) 530.2290 Fax: (610) 5302281 E-mail:

## PART A: Medical Information

Limit your response to the medical condition(s) for which the employee is seeking FMLA leave. Your answers should be your **best estimate** based upon your medical knowledge, experience, and examination of the patient. **After completing Part A, complete Part B to provide information about the amount of leave needed.** Note: For FMLA purposes, "incapacity" means the inability to work, attend school, or perform regular daily activities due to the condition, treatment of the condition, or recovery from the condition. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b).

(1) State the approximate date the condition started or will start: 11 / 05 / 2021 *(mm/dd/yyyy)*

(2) Provide your **best estimate** of how long the condition lasted or will last: 3 months

(3) Check the box(es) for the questions below, as applicable. For all box(es) checked, the amount of leave needed must be provided in Part B.

☐ **Inpatient Care**: The patient (☐ has been / ☐ is expected to be) admitted for an overnight stay in a hospital, hospice, or residential medical care facility on the following date(s): _____

☑ **Incapacity plus Treatment**: *(e.g. outpatient surgery, strep throat)*
Due to the condition, the patient (☐ has been / ☑ is expected to be) incapacitated for *more than* three consecutive, full calendar days from 11/05/2021 *(mm/dd/yyyy)* to 01/27/2022 *(mm/dd/yyyy)*.

The patient (☐ was / ☑ will be) seen on the following date(s): 11/18/2021, 11/26/2021, 11/30/2021 Dec + Jan dates TBD

The condition (☑ has / ☐ has not) also resulted in a course of continuing treatment under the supervision of a health care provider *(e.g. prescription medication (other than over-the-counter) or therapy requiring special equipment)*

☐ **Pregnancy**: The condition is pregnancy. List the expected delivery date: _____ *(mm/dd/yyyy)*.

☐ **Chronic Conditions**: *(e.g. asthma, migraine headaches)* Due to the condition, it is medically necessary for the patient to have treatment visits at least twice per year.

☐ **Permanent or Long Term Conditions**: *(e.g. Alzheimer's, terminal stages of cancer)* Due to the condition, incapacity is permanent or long term and requires the continuing supervision of a health care provider (even if active treatment is not being provided).

☐ **Conditions requiring Multiple Treatments**: *(e.g. chemotherapy treatments, restorative surgery)* Due to the condition, it is medically necessary for the patient to receive multiple treatments.

☐ **None of the above**: If none of the above condition(s) were checked, (i.e., inpatient care, pregnancy) no additional information is needed. Go to page 4 to sign and date the form.

Form WH-380-E, Revised June 2020

Employee Name: Deborah Leeck

(4) If needed, briefly describe other appropriate medical facts related to the condition(s) for which the employee seeks FMLA leave. *(e.g., use of nebulizer, dialysis)* _____

## PART B: Amount of Leave Needed

For the medical condition(s) checked in Part A, complete all that apply. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your **best estimate** based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage.

(5) Due to the condition, the patient (☐ had / ☑ will have) **planned medical treatment(s)** (scheduled medical visits) *(e.g. psychotherapy, prenatal appointments)* on the following date(s): 11/18/2021, 11/26/2021, 11/30/2021, Dec + Jan dates TBD       also, 11/10/2021 and 11/11/2021

(6) Due to the condition, the patient (☑ was / ☐ will be) **referred to other health care provider(s)** for evaluation or treatment(s).

State the nature of such treatments: *(e.g. cardiologist, physical therapy)* Neurology, Podiatrist

Provide your **best estimate** of the beginning date   N/A   *(mm/dd/yyyy)* and end date   N/A   *(mm/dd/yyyy)* for the treatment(s).

Provide your **best estimate** of the duration of the treatment(s), including any period(s) of recovery *(e.g. 3 days/week)* Unsure

(7) Due to the condition, it is medically necessary for the employee to work a **reduced schedule**.

Provide your **best estimate** of the reduced schedule the employee is able to work. From _____ *(mm/dd/yyyy)* to _____ *(mm/dd/yyyy)* the employee is able to work: *(e.g., 5 hours/day, up to 25 hours a week)* _____

(8) Due to the condition, the patient (☐ was / ☑ will be) **incapacitated for a continuous period of time**, including any time for treatment(s) and/or recovery.

Provide your **best estimate** of the beginning date  11/05/2021  *(mm/dd/yyyy)* and end date  01/27/2022  *(mm/dd/yyyy)* for the period of incapacity.

(9) Due to the condition, it is (☐ was / ☐ is / ☐ will be) medically necessary for the employee to be absent from work on an **intermittent basis** (periodically), including for any episodes of incapacity i.e., episodic flare-ups. Provide your **best estimate** of how often (frequency) and how long (duration) the episodes of incapacity will likely last.

Over the next 6 months, episodes of incapacity are estimated to occur _____ times per (☐ day / ☐ week / ☐ month) and are likely to last approximately _____ (☐ hours / ☐ days) per episode.

Form WH-380-E, Revised June 2020

Employee Name: Deborah Leeck

## PART C: Essential Job Functions

If provided, the information in Section I question #4 may be used to answer this question. If the employer fails to provide a statement of the employee's essential functions or a job description, answer these questions based upon the employee's own description of the essential job functions. An employee who must be absent from work to receive medical treatment(s), such as scheduled medical visits, for a serious health condition is considered to be *not able* to perform the essential job functions of the position during the absence for treatment(s).

(10)  Due to the condition, the employee (☐ was not able / ☑ is not able / ☐ will not be able) to perform *one or more* of the essential job function(s). Identify at least one essential job function the employee is not able to perform:

*Standing and kneeling for more than an hour, fatigue*

Signature of
Health Care Provider _____  Date  11/2/21  *(mm/dd/yyyy)*

| Definitions of a Serious Health Condition *(See 29 C.F.R. §§ 825.113-.115)* |
|---|
| **Inpatient Care** |

- An overnight stay in a hospital, hospice, or residential medical care facility.
- Inpatient care includes any period of incapacity or any subsequent treatment in connection with the overnight stay.

**Continuing Treatment by a Health Care Provider (any one or more of the following)**

**Incapacity Plus Treatment:** A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves either:

- o  Two or more in-person visits to a health care provider for treatment within 30 days of the first day of incapacity unless extenuating circumstances exist. The first visit must be within seven days of the first day of incapacity; or,
- o  At least one in-person visit to a health care provider for treatment within seven days of the first day of incapacity, which results in a regimen of continuing treatment under the supervision of the health care provider. For example, the health provider might prescribe a course of prescription medication or therapy requiring special equipment.

**Pregnancy:** Any period of incapacity due to pregnancy or for prenatal care.

**Chronic Conditions:** Any period of incapacity due to or treatment for a chronic serious health condition, such as diabetes, asthma, migraine headaches. A chronic serious health condition is one which requires visits to a health care provider (or nurse supervised by the provider) at least twice a year and recurs over an extended period of time. A chronic condition may cause episodic rather than a continuing period of incapacity.

**Permanent or Long-term Conditions:** A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective, but which requires the continuing supervision of a health care provider, such as Alzheimer's disease or the terminal stages of cancer.

**Conditions Requiring Multiple Treatments:** Restorative surgery after an accident or other injury; or, a condition that would likely result in a period of incapacity of more than three consecutive, full calendar days if the patient did not receive the treatment.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 15 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

**DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR. RETURN TO THE PATIENT.**

Form WH-380-E, Revised June 2020


**Lehigh Valley Health Network**
A PASSION FOR BETTER MEDICINE.

November 05, 2021


Deborah Leeck
2060 Wooded Ridge Circle
Fogelsville, PA  18051


**RE:  Notice of Eligibility and Rights & Responsibilities for Deborah**

On 11/04/2021, we received notice of your need for a family/medical leave of absence as outlined below:

| | |
|---|---|
| Leave Reference ID: | 1918207 |
| Reason/Relationship: | Serious Health Condition-Self |
| Leave Requested as: | Continuous |
| Requested Start Date: | 11/05/2021 |
| **Paperwork Due Date:** | **11/25/2021** |

If you are out of work due to an illness, you are required to apply for a leave.  Forms must be completed by your physician and returned by the due date listed above.  If you are not FMLA qualifying, you must still complete the leave forms but should discuss utilizing the Temporary Contagious Illness policy with your supervisor upon your return to work to have the absence forgiven for a COVID related illness.

**Part A: Notice of Eligibility**
This Notice is to inform you that:
Your eligibility for family/medical leave was reviewed and you are eligible for leave under the following leave regulations based on your requested leave date(s), length of service, hours worked, and leave time available in the applicable period.

The Family and Medical Leave Act: Eligible

**Part B: Rights and Responsibilities**
In order for us to determine whether your absence(s) qualifies as FMLA and/or state leave you must return the following information to us by **11/25/2021**. If sufficient information is not provided in a timely manner, your leave may be denied. It is your responsibility to follow up with the healthcare provider to ensure that the certification is received by **11/25/2021**.

**It is your responsibility to have the attached *Certification of Healthcare Provider* form completed by your treating provider prior to submitting it to Employee Health for processing.**

Documents should be mailed or faxed directly to the address or number listed below. **Please do not send your documents to your supervisor or department.**

You will be informed whether your leave will be designated as FMLA and/or state leave and counted towards your leave entitlement(s) once we review your document.

If you fail to provide a complete certification by the due date, your leave may be denied and your absences considered unauthorized. Any unauthorized absences are subject to the attendance policy and may result in the appropriate level of disciplinary action being applied, up to and including termination.

If you have any questions, please contact Employee Health Services.

Leave Team-Employee Health Services
610-402-6383
610-402-1590 Fax

Lehigh Valley Health Network
ATTN: Employee Health
1200 S Cedar Crest Blvd
Allentown, PA 18103

Enclosed: Important Family/Medical Leave Information
            Certification Release - Employee
            Certification of Healthcare Provider Form for Self
            FMLA Employee Rights and Responsibilities (WH 1420 - English)

## Family/Medical Leave Information Sheet

The following is important information regarding your Family Medical Leave. Please review this information and contact Employee Health Services if you have any questions.

1.  If you presently have health insurance these benefits will continue. If you normally pay a portion of the premiums for your group health insurance, these payments will continue during the period of your leave. You must continue to pay your share of the premiums during the FMLA leave period to maintain coverage under your benefits plan. If you are receiving a paycheck while out on leave, the premiums will be deducted as usual from your paycheck.   Payroll deduction for any of these benefits will continue to be deducted as long as you are receiving a paycheck.  When you are no longer receiving a paycheck, the amount of the deductions normally taken per pay period will be placed into arrears until you have returned to work.  If you wish to setup payment arrangements for the arrears due, please contact your Benefit Counselor.

2.  PTO and Sick blanaces will be adjusted to reflect the amount of time you have available to use as of the start of your leave. Please note that your PTO and sick time will not accrue while you are on a leave of absence. In general, FMLA is an unpaid leave but we require that you use accrued sick and PTO during your FMLA leave. If this leave is approved for your own serious health condition, you must use sick time.  If you have exhausted all of your sick time you must use accrued PTO.  If the leave is approved for a qualifying family member, you must use accrued PTO. This means that you will receive your sick time and PTO and the leave will also be protected under FMLA and counted towards your leave entitlement(s).

    Use of paid accrued PTO or sick time off during a family or medical leave does not extend the total amount of leave available. Additionally, leave for a workers' compensation injury or illness will be charged against an employee's entitlement to FMLA leave, provided that the leave meets FMLA requirements. In all circumstances, an employee is entitled only to a maximum leave of twelve (12) weeks under FMLA, whether paid, unpaid, or partially paid. Any leave used for an FMLA-qualifying reason will be charged against your FMLA entitlement.

3.  If you are a "key employee" as described in section 825.217 of the FMLA regulations, restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to Lehigh Valley Health Network. If you are a key employee, Lehigh Valley Health Network will give you a separate notice for each leave request.

4.  While on leave you may be required to furnish Employee Health Services with periodic reports of your status and intent to return to work. We may ask for a recertification periodically during the leave period if: (1) you request an extension of your leave; (2) circumstances change regarding the injury or illness; or (3) we receive information that casts doubt on the continuing validity of your most recent certification. If your leave is for a chronic intermittent condition, we will require recertification at least every twelve (12) months.

5.  If your request is for intermittent leave and you have some control over the timing of your leave, you are expected to make an effort to schedule appointments at times that will cause the least disruption to the functionality of your department. You are expected to provide your supervisor with as much notice as possible when you need time off from work. If you are not able to provide reasonable notice to your supervisor, you may be required to provide documentation to verify the urgency of the situation (i.e. why more notice could not be given). You must adhere to your departments call in policy – review the policy with your supervisor upon approval of this leave.

6.  The 12 month period during which an eligible employee may take job-protected family medical leave is a 12-month period measured rolling back from each date an employee uses any FMLA leave.

7.  Newborn leave (for care of a newborn child or the placement of a child for adoption or foster care) must be completed within 12 months after the birth, adoption, or placement of the child.
    When both spouses are employed by Lehigh Valley Health Network, the amount of Family and Medical Leave available in a twelve (12) month period for bonding with a newborn, adopted, or foster child may be limited to a combined total of twelve (12) weeks.

8.  You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment upon your return from FMLA leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have these return rights under FMLA).

9.  If you do not return to work following your leave for any reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious health condition or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse Lehigh Valley Health Network for your share of health insurance premiums paid on your behalf during your leave.



November 15, 2021

Deborah Leeck
2060 Wooded Ridge Circle
Fogelsville, PA  18051

**RE:  Notice of Leave Entitlement Exhaust for Deborah**

Please be advised that this letter serves as a notification that you will have used the maximum leave entitlement under the following regulation(s):

| Policy | Exhaust Date |
|---|---|
| The Family and Medical Leave Act | 01/27/2022 |

Any absences beyond the date(s) listed may not be job-protected under the above-mentioned regulation(s).

This exhaust notification pertains only to the the regulations listed above. You may still be eligible for leave under other leave regulations or policies, as applicable.

If you have any questions, please contact Employee Health Services.

Leave Team-Employee Health Services
610-402-6383
610-402-1590 Fax
Lehigh Valley Health Network
ATTN: Employee Health
1200 S Cedar Crest Blvd
Allentown, PA 18103



November 15, 2021

Deborah Leeck
2060 Wooded Ridge Circle
Fogelsville, PA 18051

**RE:  Notice of Leave of Absence Approval for Deborah**

Leave Reference ID:                              1918207
Reason/Relationship/Caring For:    Serious Health Condition-Self
Leave Requested as:                          Continuous
Leave Determination:                          The Family and Medical Leave Act: Eligible

This is to notify you that your family/medical leave request is **approved** based on the medical certification received for your leave. You are eligible for Family/Medical leave. Your eligibility is based on your leave date(s), reason, length of service, hours worked, and leave time available in the applicable period.

If this leave is for future dates, this approval may be affected by any leave requests made prior to the start date of this leave. Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your FMLA and/or state leave entitlement(s).

| Leave Dates | Weeks | Type | Status | Leave Type |
|---|---|---|---|---|
| 11/05/2021 - 01/27/2022 | 12.00 | Continuous | Approved | FML |

If you are still disabled beyond your 12 week FMLA entitlement, you will be placed into a medical leave of absence for the duration of your leave not to exceed 180 calendar days. Additional medical documentation from your physician may be required in order to continue your leave. **Additionally, your employment status with LVHN will be terminated if your leave of absence or combination of leaves of absence, including FMLA, extends beyond 180 days, absent an approved short extension with a definitive date of return.** Please be advised that holding other employment outside of LVHN during this leave of absence, including FMLA leave, may constitute grounds for immediate dismissal, unless approved in advance.

You are eligible for Short Term Disability benefits. The Short Term Disability application and Reimbursement Agreement is enclosed. You must submit the Reimbursement Agreement and STD application for medical review and approval PRIOR to the start of benefits. You will use sick time and accrued PTO for the first 30 days of disability and be eligible for STD to begin on your 31st day out of work only if you have exhausted your earned sick and PTO hours. When your request has been medically approved, you will be notified by mail of the start date of your benefits. Benefits are started during the pay cycle in which your request is approved. If your request is received late, your benefit will start in the next pay cycle. Payroll will not issue separate checks. While you are receiving short term disability benefits:

- You may be required to be evaluated by Employee Health Services throughout your Short Term Disability period. You will be contacted by Employee Health Services if an appointment is needed.
- Additional medical documentation from your physician is required monthly in order to continue your disability benefits. It is your responsibility to have your healthcare provider send regular updates to Employee Health.
- If you are eligible for Short Term Disability (STD), it will continue until your 180th calendar day, providing you are still disabled. Within approximately 8 weeks of your 180th calendar day, you will receive a Long Term Disability (LTD) application.

**The Return to Work Process**
At this time, you are expected to return to work following the latest approved end date listed in the above table. If the circumstances of your leave change and you are able to return to work earlier than anticipated, please contact

Employee Health Services immediately to discuss your intent to return to work.
**If your leave is for your own serious health condition, you must be medically cleared by your treating provider.** The return to work process is as follows:

1. Obtain documentation from your provider releasing you to return to work using the enclosed Physical Capacities form. A full duty release must be noted on the form, or, if your provider is releasing you to return with restrictions, the physical capacities checklist must indicate what restrictions are recommended. A full duty release documented on alternate forms is acceptable, providing "full duty" or "no restrictions" is stated on the document. If you have restrictions, alternate physical capacity forms are also acceptable, providing the form specifies restrictions and is entirely completed.
2. If you are cleared to return to work **with restrictions**, call Employee Health Services at (610) 402-8869 (CC) or (484) 884-7098 (LVH-M) to make an appointment with the employee health physician. Your work status will be determined after this medical review. Bring the physical capacities form with you.
3. If you are cleared by your provider to return to work **without restrictions ("full duty"),** you must bring the full duty release document to Employee Health Services during walk-in hours, where you will be assessed for clearance.

> The walk- in hours are:
> **Employee Health – LVHN-CC**
> 1200 S Cedar Crest Boulevard, Allentown, PA 18103
> Anderson Wing, 3rd Fl (Purple elevators next to the cafeteria entrance)
> Mon 7a-8a & 1:30p-3:30p: Tue 1p-3p: Wed 7:30a-8:30a:
> Thu 1:30p-3:30p: Fri 7a-8a
>
> **Employee Health – LVHN-M**
> Schoenersville Road, Bethlehem
> South Entrance (Good Shepherd Rehab Entrance), thru lobby to the back
> elevator, turn right, 3rd door on right
> Mon 1:30p-3:30p: Tue 730a-10a: Wed 2p-3:30p:
> Thu 7a-10a: Fri 8a-10a

**Unable to Return to Work**
If you are not able to return within 5 days of the approved leave period, please provide medical documentation supporting the need to extend your leave.  This information can be faxed to 610-402-1590.  If you fail to return to work at the end of the leave or to notify Employee Health Services of your status, you may be deemed to have voluntarily resigned your position.

While on leave, you must provide Employee Health Services with a current phone number where you can be reached.  If you have any questions, please contact Employee Health Services.

Leave Team-Employee Health Services
610-402-6383
610-402-1590 Fax
Lehigh Valley Health Network
ATTN: Employee Health
1200 S Cedar Crest Blvd
Allentown, PA 18103

Enclosed: Important Family/Medical Leave Information
         FMLA Employee Rights and Responsibilities (WH 1420 - English)
         Physical Capacities Checklist
         STD Reimbursement Agreement
         STD Form

**Family/Medical Leave Information Sheet**

The following is important information regarding your Family Medical Leave. Please review this information and contact Employee Health Services if you have any questions.

1.  If you presently have health insurance these benefits will continue. If you normally pay a portion of the premiums for your group health insurance, these payments will continue during the period of your leave. You must continue to pay your share of the premiums during the FMLA leave period to maintain coverage under your benefits plan. If you are receiving a paycheck while out on leave, the premiums will be deducted as usual from your paycheck.  Payroll deduction for any of these benefits will continue to be deducted as long as you are receiving a paycheck.  When you are no longer receiving a paycheck, the amount of the deductions normally taken per pay period will be placed into arrears until you have returned to work.  If you wish to setup payment arrangements for the arrears due, please contact your Benefit Counselor.

2.  PTO and Sick blanaces will be adjusted to reflect the amount of time you have available to use as of the start of your leave. Please note that your PTO and sick time will not accrue while you are on a leave of absence. In general, FMLA is an unpaid leave but we require that you use accrued sick and PTO during your FMLA leave. If this leave is approved for your own serious health condition, you must use sick time.  If you have exhausted all of your sick time you must use accrued PTO.  If the leave is approved for a qualifying family member, you must use accrued PTO. This means that you will receive your sick time and PTO and the leave will also be protected under FMLA and counted towards your leave entitlement(s).

    Use of paid accrued PTO or sick time off during a family or medical leave does not extend the total amount of leave available. Additionally, leave for a workers' compensation injury or illness will be charged against an employee's entitlement to FMLA leave, provided that the leave meets FMLA requirements. In all circumstances, an employee is entitled only to a maximum leave of twelve (12) weeks under FMLA, whether paid, unpaid, or partially paid. Any leave used for an FMLA-qualifying reason will be charged against your FMLA entitlement.

3.  If you are a "key employee" as described in section 825.217 of the FMLA regulations, restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to Lehigh Valley Health Network. If you are a key employee, Lehigh Valley Health Network will give you a separate notice for each leave request.

4.  While on leave you may be required to furnish Employee Health Services with periodic reports of your status and intent to return to work. We may ask for a recertification periodically during the leave period if: (1) you request an extension of your leave; (2) circumstances change regarding the injury or illness; or (3) we receive information that casts doubt on the continuing validity of your most recent certification. If your leave is for a chronic intermittent condition, we will require recertification at least every twelve (12) months.

5.  If your request is for intermittent leave and you have some control over the timing of your leave, you are expected to make an effort to schedule appointments at times that will cause the least disruption to the functionality of your department. You are expected to provide your supervisor with as much notice as possible when you need time off from work. If you are not able to provide reasonable notice to your supervisor, you may be required to provide documentation to verify the urgency of the situation (i.e. why more notice could not be given). You must adhere to your departments call in policy – review the policy with your supervisor upon approval of this leave.

6.  The 12 month period during which an eligible employee may take job-protected family medical leave is a 12-month period measured rolling back from each date an employee uses any FMLA leave.

7.  Newborn leave (for care of a newborn child or the placement of a child for adoption or foster care) must be completed within 12 months after the birth, adoption, or placement of the child.
    When both spouses are employed by Lehigh Valley Health Network, the amount of Family and Medical Leave available in a twelve (12) month period for bonding with a newborn, adopted, or foster child may be limited to a combined total of twelve (12) weeks.

8.  You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment upon your return from FMLA leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have these return rights under FMLA).

9.  If you do not return to work following your leave for any reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious health condition or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse Lehigh Valley Health Network for your share of health insurance premiums paid on your behalf during your leave.



**EMPLOYEE HEALTH SERVICES**

Cedar Crest Blvd & I-78
Allentown, PA  18105-1551
**PHONE:** (610) 402-8869
**FAX:** (610) 402-1203

Muhlenberg Campus
2545 Schoenersville Rd
Bethlehem, PA  18017
**PHONE:** (484) 884-7098
**FAX:** (484) 884-7324
**LVH.org**

## PHYSICAL CAPACITIES CHECKLIST

Name: _____   Diagnosis: _____

Date of illness/injury/surgery: _____

☐ Patient can perform full work activities, full work hours with NO physical limitations, effective ____/____/____

☐ Patient has the following capabilities/restrictions, effective ____/____/____

Total hour(s) **per day** patient can work: _____

**In a typical workday, patient can perform the following activity in hours/day** *(circle any that apply)*

| Sit | 1 | 2 | 4 | 6 | 8 | 10 | 12 |
|-----|---|---|---|---|---|----|----|
| Stand | 1 | 2 | 4 | 6 | 8 | 10 | 12 |
| Walk | 1 | 2 | 4 | 6 | 8 | 10 | 12 |

**Patient is able to lift/push/pull:** *(check one)*

| | Not presently | Rarely 1-5% shift | Occasionally 6-33% shift | Frequently 34-66% shift | Continuously 67-100% shift |
|---|---|---|---|---|---|
| Up to 10 lbs. | | | | | |
| 11 - 25 lbs. | | | | | |
| 26 - 50 lbs. | | | | | |
| 51 - 75 lbs. | | | | | |
| 76 - 100+ lbs. | | | | | |

**Patient is able to:** *(check all that apply)*

| | Not presently | Rarely 1-5% shift | Occasionally 6-33% shift | Frequently 34-66% shift | Continuously 67-100% shift |
|---|---|---|---|---|---|
| Bend | | | | | |
| Kneel | | | | | |
| Squat | | | | | |
| Twist | | | | | |
| Reach | | | | | |
| Climb | | | | | |

**Climb is able to use hand repetitively for:**

| | RIGHT | LEFT |
|---|---|---|
| Grasping | YES / NO | YES / NO |
| Fine Manipulation | YES / NO | YES / NO |
| Pushing/Pulling | YES / NO | YES / NO |

X:\Human Resources\EEHEALTH\FMLA - LOA\Physical Capacities Checklist 6-12-14.doc

**Patient is able to:** *(check all that apply)*

| Raise  L / R  arm to chest level |
|---|
| Raise  L / R  arm to shoulder level |
| Raise  L / R  arm above shoulder level |
| Use   L / R  arm without limitations |

**Complete only if applicable:**

**Patient is able to drive:**

| | Not At All | No Restrictions |
|---|---|---|
| Car | | |
| Truck | | |
| Standard Transmission | | |
| Heavy Equipment | | |

☐ Restrictions listed are permanent

☐ Restrictions listed are temporary.
  ☐ Estimated return to full duty effective ____/____/____.
  ☐ Is released for full duty effective ____/____/____.

Additional information needed for employees return to work:

Please contact Employee Health Services if a job description and /or physical requirements of for current job position are needed.

_____
**Print Name Treating Physician/Specialist**

_____
**Signature Treating Physician/Specialist**

_____
**Date**

Lehigh Valley
Health Network
A PASSION FOR BETTER MEDICINE.

Employee Health Services
Cedar Crest Campus
3rd Floor Anderson Wing
PO Box 689, Cedar Crest & I 78
Allentown, PA 18105
**Phone:** 610-402-8869
**Fax:** 610-402-1590

## Short Term Disability (STD)
## Reimbursement Agreement

As a full time employee of a Lehigh Valley Health Network subsidiary (LVHN), I understand that I may be entitled to receive STD benefits while on leave for a period greater than 30 calendar days. I also understand that my eligibility for STD benefits and the amount of benefits that I could receive is based upon any additional benefits I may qualify for during the period of disability as further explained below. As a condition of receiving STD benefits, I acknowledge that it is my obligation to report any such income immediately to the Human Resources Office and I understand that the amount of STD benefits that I am deemed eligible to receive shall be reduced by the amount I receive from the sources referenced below. In applying for STD benefits I understand that in the event I receive such additional income, the amount I am entitled to otherwise receive under LVHN's STD benefits will be reduced by that amount of money.   I understand that the amount of other benefits that I may receive could possibly eliminate my STD benefits.

In consideration of the opportunity to apply for and be considered for STD benefits and in recognition of LVHN's specific reliance on this commitment, I agree to immediately notify Employee Health Services of any additional benefit income I am awarded by calling telephone number 610-402-8869 and select the prompt for Short Term Disability.   In the event I receive additional benefit income before adjustments to my STD benefits can be made, I agree to refund LVHN, within 30 days of receipt of the additional benefit income, the amount that I have been overpaid for STD benefits.

I acknowledge that my failure to meet these obligations could result in the pursuit of civil and possible criminal action.

***This signed agreement must be returned to the Employee Health office along with your STD application in order for your application to be deemed completed.  Eligibility for STD benefits cannot be determined until a complete application is received.***

X _____          X _____

Name of Employee (Print or type)     :                Date

X _____

Signature of Employee                                 Witness to Signature

**Other Income Benefits** means the amount of any benefit for loss of income, provided to you or your family, as a result of the period of Disability for which you are claiming benefits under The Participating Employer's coverage under The Policy.
This includes any such benefits for which you or your family are eligible or that are paid to you or your family, or to a
third party on your behalf, pursuant to any:1) temporary, permanent disability, or impairment benefits under a Workers' Compensation Law, the Jones Act, occupational disease law, similar law or substitutes or exchanges for such benefits; 2) governmental law or program that provides disability or unemployment benefits as a result of Your job with Your Employer; 3) plan or arrangement of coverage, whether insured or not, which is received from Your Employer as a result of employment by or association with Your Employer or which is the result of membership in or association with any group, association, union or other organization; 4) mandatory "no-fault" automobile insurance plan; 5) disability benefits under:
a) The United States Social Security Act or alternative plan offered by a state or municipal government; 23    b) the Railroad Retirement Act; or c) similar plan or act; that You, Your spouse and/or children are eligible to receive because of Your Disability; or
6) Disability benefit from the Department of Veterans Affairs, or any other foreign or domestic governmental agency:  a) that begins after you become disabled; or  b) that you were receiving before becoming disabled, but only as to the amount of any increase in the benefit attributed to Your Disability.
Other Income Benefits also means any payments that are made to you or to your family, or to a third party on your behalf, pursuant to any:
1) disability benefit under Your Employer's Retirement Plan; 2) temporary, permanent disability or impairment benefits under a Workers' Compensation Law, the Jones Act, occupational  disease law, similar law or substitutes or exchanges for such benefits;
3) Portion of a judgment or settlement, minus associated costs, of a claim or lawsuit that represents or compensates for your loss of earnings; 4) retirement benefit from a Retirement Plan that is wholly or partially funded by employer contributions, unless:  a) You were receiving it prior to becoming Disabled; or b) You immediately transfer the payment to another plan qualified by the United States Internal Revenue Service for the funding of a future retirement;   (Other Income Benefits will not include the portion, if any, of such retirement benefit that was funded by Your after-tax contributions.); or  5) retirement benefits under:  a) the United States Social Security Act or alternative plan offered by a state or municipal government;   b) the Railroad Retirement Act;   ; or  c) similar plan or act; that You, Your spouse and/or children receive because of Your retirement, unless You were  receiving them prior to becoming Disabled  If You are paid Other Income Benefits in a lump sum or settlement, You must provide proof satisfactory to Us of:  1) the amount attributed to loss of income; and   2) the period of time covered by the lump sum or settlement.
We will pro-rate the lump sum or settlement over this period of time. If you cannot or do not provide this information, we will assume the entire sum to be for loss of income, and the time period to be 24 month(s). We may make a retroactive   allocation of any retroactive Other Income Benefit. A retroactive allocation may result in an overpayment of your claim.



**Lehigh Valley**
**Health Network**
A PASSION FOR BETTER MEDICINE.

Employee Health Services
3rd Floor Anderson Wing
PO Box 689
Cedar Crest & I78
Allentown, Pa 18105-1551
**Phone: (610)-402-8869  Fax: (610)-402-1590**

**INITIAL CLAIM FOR SHORT TERM DISABILITY BENEFITS**

### PART I
### CLAIMANTS STATEMENT
CLAIMANTS STATEMENT AND AUTHORIZATION MUST BE COMPLETED BY THE EMPLOYEE OR LEGAL REPRESENTATIVE

1. Full Name _____ SSN or EMD ID _____ Sex ☐ Male ☐ Female

   Street Address _____ City/Town _____

   State _____ Zip Code _____ Home Phone ( ___ ) _____ Cell ( ___ ) _____

2. Department _____ Job Title _____ Date of Hire _____

3. Date last worked _____ Date illness began or injury occurred _____ Date of Birth _____

4. Nature of illness or injury which caused your disability _____

5. For injuries, state how and where the injury occurred _____

   _____ Did injury occur at work? ☐ Yes ☐ No

6. I have returned to work on _____ ☐ Part time ☐ Full time

7. Have you applied for or are you receiving any other income as a result of this injury or illness? ☐ Yes ☐ No

   (e.g. Unemployment Compensation, SSDI, State Disability Benefits, Privately paid Disability Insurance)

   Source of Income _____

   Income Amount _____ ☐ Weekly ☐ Every 2 Weeks ☐ Monthly

   Maximum period of time or maximum amount of benefit _____

   ***\*\* Your Short Term Disability benefit will be reduced or stopped if you are receiving any of the above benefits while you are receiving STD\*\****

**Short term disability reimbursement agreement- must be signed and returned with your STD request form in order for your benefit to begin**
*The undersigned certifies that the information disclosed above is true and correct*

### PART II

"Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefits or knowingly presents false information in an application for insurance is guilty of a crime and may be fines and confinement in prison."

## AUTHORIZATION

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law.  To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic Information,' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

Solely to assist Employee Health Services in administering an insurance claim, I hereby authorize any provider of health care including but not limited to any physician, hospital or pharmacy of any employer, Social Security Administration, insurance company or other organization, institution, or person possessing information concerning myself as the employee.

To permit the above named and its representative, insurance support organization, reinsurance companies or other persons performing business or legal services in connection with the claim, to view copy by furnished copies or be given details of all such educational, vocational, physical or mental medical record information regarding employment income, other insurance coverage, and/or any otherwise personal or privileged information, including but not limited to any other claim for insurance benefits, or any records concerning civil or criminal proceedings.

I further authorize Employee Health Services to release all information related to this insurance claim to physicians, rehabilitation professionals, vocational evaluator's prospective employers, and any institution or person on a need to know basis for the purpose of verifying, evaluating, negotiating, and other pertinent uses with respect to my claim for benefits or service.

Any copy of the authorization shall have the same authority original.

I understand I, or my authorized representative, may receive a copy of this authorization upon request.  This authorization is for the duration of the claim.

SIGNATURE _____ DATE _____

If signed on behalf of another, indicate relationship _____

If Power of Attorney, Guardian, or Conservator, attach a copy of document granting authority.



**Lehigh Valley
Health Network**
A PASSION FOR BETTER MEDICINE·

Employee Health Services
3rd Floor Anderson Wing
PO Box 689
Cedar Crest & I78
Allentown, Pa  18105-1551
Phone: (610)-402-8869  Fax: (610)-402-1590

**PART III**
**ATTENDING PHYSICIAN STATEMENT OF DISABILITY**

*PHYSICIAN INSTRUCTIONS: ALL APPLICABLE QUESTIONS MUST BE ANSWERED FULLY. ESTIMATED DATE OF FULL OR PART TIME RETURN TO WORK / WITH OR WITHOUT RESTRICTIONS MUST BE PROVIDED.*

1.  Patient's Name _____   Date of Birth _____

2.  Primary Diagnosis and/or complications if any: _____
_____

3.  Has patient had the same or similar condition? ☐ YES ☐ NO  If yes, when? _____

4.  Is the illness or injury directly related to patients' employment? ☐ YES ☐ NO    If yes, please explain: _____
_____

5.  Treatment for condition (List any and all treatment, surgery, medications prescribed): _____
_____

6.  Did you refer patient to any other provider? ☐ YES ☐ NO    If yes, who? _____

7.  List the dates that you had visits with and treated this patient for this condition: _____

    Patients next scheduled visit will be: _____

8.  Did treatment involve a hospitalization? ☐ YES ☐ NO      If yes, when? _____

9.  Is disability due to pregnancy? ☐ YES ☐ NO      Patients EDC : _____

    Is / was patient disabled prior to EDC? ☐ YES ☐ NO      If yes, why? _____

    Provide date / method of actual delivery: _____

    Provide any post- delivery complications and treatment provided for complications: _____

10. Provide date patient became ☐ totally / ☐ partially  disabled by condition: _____

11. What essential job functions is patient unable to perform: _____
_____

12. Provide estimated date patient will be able to return to work: _____

    Will patient have restrictions or need accommodations when returning to work?    ☐ YES ☐ NO

COMMENTS: _____

**Your medical opinion on the degree of disability is essential and we require that you have personally reviewed and agree with the information provided.**

Provider Name(printed): _____   Date: _____

Provider Signature: _____   Practice or Specialty: _____

Phone Number: _____   Fax Number: _____

---

**EH use only:  LOA START DATE:** _____   **31 DAY:** _____

**Medically Approved:** _____   **Begin in Pay Period Ending:** _____

**Benefit end date:** _____   **First update due:** _____

**Updates received:**

EXHIBIT "H"

**DARYL J. KIPNIS, ESQ. (NJ & PA)**



**KIPNIS**

L A W   O F F I C E S

<u>MAIN OFFICE (ALL CORRESPONDENCE)</u>
**280 MEDFORD-MT. HOLLY RD.**
**MEDFORD, NJ 08055**

<u>CENTRAL NJ OFFICE</u>
**220 DAVIDSON AVE. 3ʀᴅ FL. STE 3C**
**SOMERSET, NJ 08873**

**Phone: 732-595-5298**
**Fax: 732-412-7925**
**Email: daryl@kipnislawoffices.com**

December 27, 2021

<u>**VIA EMAIL glenn.guanowsky@lvhn.org**</u>
Lehigh Valley Health Network
Attention: Glenn Guanowsky, Esq., Deputy General Counsel for Litigation and Risk Management
Dept. of Legal Services
234 North 17ᵗʰ St.
Allentown, PA 18104

<u>**RE: RELIGIOUS EXEMPTION – EMPLOYEE: DEBORAH LEECK**</u>

Dear Sir or Madam:

Please be advised that the undersigned represents Deborah Leeck, an employee of LVHN since 2010, presently working in the capacity of RN, Clinical Coordinator. Kindly accept this correspondence in support of my client's request for reconsideration of LVHN's September 15, 2021 decision to deny her request for a religious accommodation from its COVID-19 and influenza vaccines policy, or otherwise, to be considered as a new request for same in accordance with the First and Fourteenth Amendments of the U.S. Constitution, Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and as otherwise provided by law. Please note that my client is presently on approved medical leave and until January 27, 2022 and is <u>**NOT**</u> resigning her position at this time.

I have reviewed my client's initial submissions through your interactive process, as well as your communications to my client denying her request. My client's submissions clearly and unequivocally set forth a sincerely held religious belief against being vaccinated for COVID-19 and influenza, and all that is stated in response is that her requests were "denied," with no further explanation or elaboration given.

To resolve any confusion, and to make a good faith effort to supply said information, my client's religious identity is Christian, and she has sincerely held religious beliefs concerning the sanctity of her person as created in the perfect image of God, and against the desecration, invasion and/or alteration thereof, which includes being compelled to undergo any unwanted medical procedure or receive a vaccine or injection against her God-given free will which would introduce substances that she believes to be unholy to her body, or otherwise alter it, its immune system or any other part thereof from the state as created by God, and therefore the state to be returned to God upon death. She believes that life is sacred, life begins at conception, and that God did not make any mistakes when He created any life on Earth.

She therefore has a faith-based objection to the use of aborted fetal cell lines, genetically modified and/or artificially preserved or "immortalized" human cell lines, viral vector technology, mRNA genetic modification technology, and spike protein technology used either as part of the process of developing the various COVID-19 vaccines, or for any other purpose, as anathema to her beliefs in the holiness and perfection of God's Creation and divine providence. She therefore considers receiving a COVID-19 vaccine to be a grievous sin.

She cites to the Bible verses of 1 Corinthians 3:16-17 "Don't you know that you yourselves are God's temple and that God's Spirit lives in you? If anyone destroys God's temple, God will destroy him; for God's temple is sacred and you are that temple," and Corinthians 6:19-20 "Or do you not know that your body is a temple of the Holy Spirit within you, whom you have from God? You are not your own; You are bought at a price" which are of the utmost importance to her religious identity and experience.

She further cites to Deuteronomy 32:39, Exodus 15:26 and 20:13, Leviticus 5:2; & 17:11 Psalm 139:13-16, Jeremiah 1:4-5, Psalm 103:3-5, Psalm 127:3-5, Luke 16:13, Proverbs 6:16-19 and 30:5, John 3:16, Romans 14:5 and 14:12 and Psalm 22:10 as consistent with those beliefs, which are completely religious in nature rather than philosophical and/or conscientious. Her faith in God and Jesus Christ affirms her belief in the power of prayer and natural remedies as the primary means of healing illnesses and injuries, seeking medical and/or pharmaceutical intervention with the guidance and blessing of God only when necessary.

Although my client had received vaccinations for influenza in the past, her religious experience and observance have become of greater prominence in her life since she suffered from COVID, and credited her recovery to God. After reflecting upon actions she had taken in the past which she considers to be sins, and seeking penance from God, she will not receive any further vaccines or make any other decisions concerning her healthcare that she believes goes against God's wishes in accordance with the observance of her religious beliefs.

For the reasons set forth above, it should be undisputed that Ms. Leeck is unable to be vaccinated for COVID-19, influenza, or receive any other vaccine against her will, without substantial and irreparable infringement to her sincerely held religious beliefs and the free exercise thereof.

Moreover, no reference is made in your denial letter as to any alleged "undue hardship" that would inure to LVHN if it were to accommodate my client's request. The EEOC defines "undue hardship" in a particular case as posing "more than de minimis cost or burden to the employer's business operations," which must be identified and substantiated by the  employer. Your letter does not identify with any specificity how LVHN would be negatively impacted financially or how any disruption to its operations would be caused if my client were to  be permitted to continue working just as she has done all throughout the pandemic with applicable safety measures in place.

My client reiterates that she is amenable to reasonable, mutually acceptable accommodations in connection with her request if she is ever required to be on-site including, but not limited to: non-invasive COVID-19 testing at reasonable intervals, use of a face covering, social distancing, and following any other applicable safety protocols other than receiving a vaccine that contravenes her sincerely-held religious beliefs, which would not create an undue hardship to LVHN's operations as defined by the EEOC, or otherwise put others at risk. She would like nothing more at this time than to be able to continue her career with her religious beliefs respected.

You are further advised that nothing contained herein, or on any documents(s) or electronic submission(s) my client either has been or will be asked to complete, sign and/or submit in connection with her instant request or as part of any "interactive process" shall constitute a waiver of any legal rights she may have to be represented by counsel, to seek a religious exemption or accommodation from any requirement of her employment that conflicts with her sincerely held religious beliefs, or otherwise with respect to her right to seek legal relief from any wrongful denial of such exemption or accommodation.

Based upon the foregoing, kindly confirm that no adverse employment action be taken against my client, and that her request is now approved in accordance with law. Thank you for your time, consideration, and cooperation.

Very truly yours,
KIPNIS LAW OFFICES

DARYL J. KIPNIS
DJK/DK


**I have participated in the preparation of this request, and have signed same to affirm the content thereof is a true and accurate reflection of my sincerely held religious beliefs for which the requested religious accommodation is sought in accordance with law.**

Deborah Leeck

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 530-2021-05206 |

| **PENNSYLVANIA HUMAN RELATIONS COMMISSION** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MRS. DEB LEECK** | **(215) 518-8667** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2060 WOODED RIDGE CIRCLE, FOGELSVILLE,PA 18051** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **LEHIGH VALLEY HEALTH NETWORK** | **Unknown** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1200 SOUTH CEDAR CREST BLVD, ALLENTOWN, PA 18103** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest     Latest
**10-01-2020   10-01-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**530-2021-05206**
**I am a registered nurse and I have been employed by the Respondent since January 18, 2010. The Respondent has made it mandatory for all employees to take the EUA Covid vaccine with a deadline to comply or submit an exemption request by September 14th, 2021. I submitted my religious exemption request with a letter written for me by my pastor, as well as a letter written for me from the National Council of Life and Liberty. I also submitted a medical exemption signed by my Primary Care Provider, as I have already had Covid and continue to have 'Long Covid' complications. I was denied my religious exemption with no reason for denial given. Employee Health also sent a denial for my medical exemption. The policy states that the Respondent Employee Health, who knows nothing of my medical history, can override the decision of my Primary Care Provider. The final response to my exemption requests was not received until after the deadline period closed. I attempted to resubmit my religious exemption request on Sept. 30, 2021. I received a response yesterday, October 25,2021 from the Respondent Attorney Glenn Guanowsky, which stated, 'resubmissions are**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Deb Leeck on 10-27-2021 09:41 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **530-2021-05206** |

| **PENNSYLVANIA HUMAN RELATIONS COMMISSION** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**not considered.' Other colleagues of the same faith and beliefs have had their exemption requests approved. Additionally, I tested positive for Covid-19 on April 12, 2020, and lost several weeks of work. I took a Family Medical Leave of Absence from end of August 2020 to beginning of November 2020 due to complications from the initial Covid-19 infection. The Respondent told us any Covid-19 absence would be covered by unemployment. Unemployment denied my request. Most recently, I was reprimanded by the Director for speaking to another unvaccinated colleague about the mandate and he recommended my desk be separated from the rest of my team. All unvaccinated colleagues for the Respondent have been given a deadline of November 12th, 2021 to comply or if we do not comply with this mandate, we are said to have 'voluntarly resigned' from our position, which is making us choose between our faith and our career/livelihood.**

 **I allege that under Title VII of The Civil Rights Act of 1964, as amended the Respondent has imposed discriminatory retaliation against me because of my religion.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Deb Leeck on 10-27-2021 09:41 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2021-05206 |

| PENNSYLVANIA HUMAN RELATIONS COMMISSION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**MRS. DEB LEECK** | Home Phone<br>**(215) 518-8667** | Year of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **2060 WOODED RIDGE CIRCLE, FOGELSVILLE,PA 18051** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name<br>**LEHIGH VALLEY HEALTH NETWORK** | No. Employees, Members<br>**Unknown** | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **1200 SOUTH CEDAR CREST BLVD, ALLENTOWN, PA 18103** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest  **10-01-2020**   Latest  **10-01-2021**<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I am a registered nurse and I have been employed by the Respondent since January 18, 2010. The Respondent has made it mandatory for all employees to take the EUA Covid vaccine with a deadline to comply for first dose or submit an exemption request by September 14th, 2021. I submitted my religious exemption request with a letter written for me by my pastor, as well as a letter written for me from the National Council of Life and Liberty. I also submitted a medical exemption signed by my Primary Care Provider. I was denied my religious exemption with no reason for denial given. Employee Health also sent a denial for my medical exemption. The policy states that the Respondent Employee Health, who knows nothing of my medical history, can override the decision of my Primary Care Provider. I attempted to resubmit my religious exemption request on Sept. 30, 2021. I received a response yesterday, October 25,2021 from the Respondent Attorney Glenn Guanowsky, which stated, 'resubmissions are not considered.' Other colleagues of the same faith and beliefs have had their exemption requests approved. Additionally, I tested positive for Covid-19 on April 12, 2020, and lost several weeks of work. The Respondent told us any Covid-19 absence would**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Deb Leeck on 10-29-2021 03:49 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 530-2021-05206 |

**PENNSYLVANIA HUMAN RELATIONS COMMISSION** and EEOC

*State or local Agency, if any*

be covered by unemployment. Unemployment denied my request.  All unvaccinated colleagues for the Respondent have been given a deadline of November 12th, 2021 to comply or if we do not comply with this mandate, we are said to have 'voluntarily resigned' from our position, which is making us choose between our faith and our career/livelihood.

 I allege that under Title VII of The Civil Rights Act of 1964, as amended the Respondent has imposed discriminatory retaliation against me because of my religion.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Deb Leeck on 10-29-2021 03:49 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.**  **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.**  **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.**  **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.**  **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.**  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/22/2022

**To:** Mrs. Deb Leeck
2060 Wooded Ridge Circle
FOGELSVILLE, PA 18051
Charge No: 530-2021-05206

EEOC     Representative     and   Legal Unit
telephone number:

(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Equal Pay** Act **(EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
08/22/2022

Karen McDonough
Deputy District Director

**Cc:**
Glenn Guanowsky
LEHIGH VALLEY HEALTH NETWORK
1200 South Cedar Crest Blvd
Allentown, PA 18103

Glenn  Guanowsky
234 N 17TH ST
Allentown, PA 18104

Daryl Kipnis
Kipnis Law Offices
220 Davidson Ave #3C
SOMERSET, NJ 08873

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS — 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (01/22)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2021-05206 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### Notice Of Rights Under The ADA Amendments Act OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.